NO. 07-09-0209-CR

 

IN THE
COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



JULY
21, 2010

 



 

EUGENE THOMAS,  

 

                                                                                         Appellant


v.

 

THE STATE OF TEXAS,

  

                                                                                         Appellee

_____________________________

 

FROM THE 47TH DISTRICT COURT OF POTTER
COUNTY;

 

NO. 57,836-A; HONORABLE HAL MINER,
PRESIDING

 



 

Anders
Opinion

 



 

Before QUINN, C.J., and CAMPBELL  and HANCOCK, JJ.

            Eugene Thomas was convicted, after a jury
trial, of the felony offense of driving while intoxicated.  His punishment was enhanced by a prior
conviction, and he was sentenced to confinement for nine years.  

            Appellant’s
appointed counsel has filed a motion to withdraw, together with an Anders brief,[1]
wherein he certifies that, after diligently searching the record, he has concluded
that appellant’s appeal is without merit. 
Along with his brief, he has filed a copy of a letter sent to appellant
informing him of counsel’s belief that there was no reversible error and of
appellant’s right to file a brief or response pro se.  By letter dated
January 8, 2010, this court also notified appellant of his right to file his
own response by February 8, 2010, if he wished to do so.  Appellant timely filed a response in which he
alleged that his trial counsel was ineffective for not letting him testify at
trial[2]
and in failing to object to testimony of the State’s main witness.

In compliance with the principles enunciated
in Anders, appellate counsel
discussed several potential areas for appeal. 
They include:  1) the factual
sufficiency of the evidence to support the conviction, 2) the effectiveness of
trial counsel, 3) the excessiveness of appellant’s punishment, and 4) possible
error in the admission of a trial exhibit. 
However, counsel discussed the applicable law and represented that he analyzed
the facts of this case within the context of that law and determined that no
reversible error existed.                   

We have also conducted our own review of the
record to assess the accuracy of appellate counsel’s conclusions and to uncover
any reversible error pursuant to Stafford
v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991), along with appellant’s
response, and concluded the same. 

 

 

 

Accordingly, the motion to withdraw is
granted and the judgment is affirmed.[3]

 

                                                                                    Brian
Quinn 

                                                                                    Chief
Justice

Do
not publish.











[1]See Anders v. California, 386 U.S. 738,
744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).





[2]Appellant
testified at trial, outside the presence of the jury, that he had discussed
with his counsel whether he should testify and that he (appellant) felt like
“it’s best for me not to testify.”  





[3]Appellant
has the right to file a pro se petition for discretionary review from
this opinion.